UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL J. WELLS,<br><br>Plaintiff,<br>v.<br>ISABELLA GUZMAN, Administrator of the Small Business Administration of the United States,<br><br>Defendant. | Case No. 3:19-cv-00407-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

Plaintiff Michael Wells sued Defendant Isabella Guzman, in her official capacity as Administrator of the Small Business Administration (the "SBA"), over the way that the SBA tried to collect a debt on a loan for a bowling alley that Plaintiff had personally guaranteed, attempting to get the debt discharged. (ECF No. 43 ("FAC").) At this stage in the case, only Plaintiff's claims for breach of contract, breach of the implied covenant of fair dealing, and equitable subrogation remain. (ECF No. 58 at 10-11.) Before the Court is Defendant's motion for summary judgment on these three remaining claims.[1] (ECF No. 78 ("Motion".) Because there is no genuine dispute of material fact that Plaintiff executed the valid and enforceable Unconditional Guarantee dated January 2, 2009 (ECF No. 78-8 ("UG")), and SBA or its agents demanded in writing that he pay money he agreed to pay under the UG, but he never did—and as further explained below—the Court will grant the Motion.

**II.   BACKGROUND**

The Court has issued several substantive orders in this case, so the Court incorporates those orders by reference here. (ECF Nos. 17, 42, 58.) The Court specifically

---

[1]Plaintiff responded (ECF No. 80) and Defendant replied (ECF No. 81).

described the pertinent factual background in the last substantive order it issued, so the Court incorporates by reference that background here. (ECF No. 58 at 2-3.)

The following facts are undisputed. Main Street Galleria, LLC executed a note for an SBA loan of $1,789,000.00 for the operating company Frontier Fun Center, Inc. (ECF No. 78-4.) Frontier Fun Center operated a bowling alley. (ECF No. 78-6.)

Plaintiff sought to acquire an ownership interest in Main Street. (ECF No. 78-7.) In order to do this, Plaintiff filled out a 'statement of personal history' and submitted it to SBA. (ECF No. 81-1.) Plaintiff had to sign the UG as another condition of acquiring an interest in Main Street, personally guaranteeing the SBA loan to Main Street. (ECF No. 78-7 ("Michael J. Wells . . . will be required to personally guarantee the loan"); ECF No. 78-8 (UG).)

Plaintiff and his co-owners of Main Street defaulted on the loan in either February or April 2010. (ECF No. 43 at 3.) On April 13, 2010, Nevada State Development Corporation ("NSDC") sent Plaintiff a letter stating that it had not received adequate payment on the loan, so NSDC was transferring the loan to the SBA loan liquidation department. (ECF No. 78-12.) The letter noted that Plaintiff was still required to make regular payments on the loan, offered to negotiate a workout, and asked Plaintiff to start making regular payments by cashier's check because he was listed as a guarantor on the loan. (*Id.*) Plaintiff did not pay, and SBA subsequently referred the loan to the United States Treasury for collection. (ECF No. 78-2 at 7-8.)

The Treasury referred the debt to private debt collection companies. (*Id.*) These debt collection companies contacted Plaintiff regarding his payment obligations in 2014 and 2015. (ECF Nos. 78-15, 78-16.) Over Plaintiff's objection, and after a hearing, SBA began garnishing Plaintiff's wages to satisfy his debt. (ECF Nos. 78-17, 78-18.) Plaintiff has never made any voluntary payments on the SBA loan. (ECF No. 78-5 at 81.)

**IV.  DISCUSSION**

Defendant moves for summary judgment on Plaintiff's three remaining claims. (ECF No. 78; *see also* ECF No. 58 at 10-11 (noting that only Plaintiff's breach of contract,

2

breach of the implied covenant of good faith and fair dealing, and equitable subrogation claims remain).) The Court addresses Defendant's Motion as to each of these three claims, in turn, below.

### A.     Breach of Contract

Plaintiff alleges that Defendant breached the UG by failing to provide proper notice of default, failing to act in a commercially reasonable manner, and attempting to enforce unenforceable waivers. (ECF No. 43 at 10.) Defendant argues this claim fails because it is instead Plaintiff who breached by failing to pay any amounts owed under the UG, Plaintiff enforceably waived his right to notice but he nonetheless received notice, and Plaintiff's arguments about the titles of the notices he received elevate form over function. (ECF No. 78 at 12-20.) Plaintiff's arguments do not directly respond to Defendant's, but Plaintiff generally argues that the UG is voidable because he did not realize he was entering into a contract with the SBA, that he is entitled to rights that Defendant contends he has waived in the UG, and argues the notices he does not dispute he received from Defendant about the UG had titles rendering them without legal effect. (ECF No. 80 at 14-18.) The Court agrees with Defendant.

Plaintiff does not dispute the material facts. Most notably, Plaintiff does not dispute he signed the UG (ECF No. 80 at 14-15), which waives the notice and commercial reasonableness rights he asserts as the basis of his breach of contract claim (*Compare* ECF No. 43 at 10 (alleging notice failures and commercial unreasonableness) *with* ECF No. 78-8 at 3-4 (waiving notice rights and defenses based on commercial reasonableness). And those waivers are enforceable. *See, e.g.*, *Pruett v. First Nat. Bank of Nevada*, 514 P.2d 1186, 1187 (Nev. 1973) ("All of the objections which Mrs. Pruett now raises to enforcement of this obligation were specifically covered in the continuing gauranty wherein she waived all the requirements she would now like to impose upon the bank."); *see also Forouzan, Inc. v. Bank of George*, 381 P.3d 612 (Table), 2012 WL 642548, at *2-*4 (Nev. 2012) (affirming finding that a guarantor can waive Nevada's one-action rule, and did, when the guarantor executed a guaranty agreement). Indeed, in

arguing he did not waive any rights to notice, Plaintiff only argues about the titles of the notices he admits he receives, without actually addressing the unambiguous waiver in the UG. (ECF No. 80 at 17.) Plaintiff accordingly cannot prevail on his breach of contract claim as alleged.

Plaintiff also argues for the first time in response to Defendant's Motion that some sort of fraud occurred because he thought he was contracting with NSDC and not the SBA. (ECF No. 80 at 14-15.) However, this argument is not reflected in the FAC, by a declaration, or any other evidence submitted by Plaintiff. Plaintiff's unsupported argument does not meet Plaintiff's burden to oppose summary judgment. Plaintiff "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists[.]" *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991) (citation omitted). Plaintiff has not done so here. In addition, and alternatively, Plaintiff admitted several times at his deposition that he understood he was entering into a contract with the SBA when he signed the UG. (ECF No. 78-5 at 81 (agreeing the UG was for an SBA loan), 127-130 (testifying that he signed the UG and understood all of its terms), 196 ("The lender was the SBA.").)

Plaintiff also raises an argument based on Nevada's 'one-action rule' that Defendant had to proceed against the security first before proceeding against him. (ECF No. 80 at 15-18.) But Plaintiff also agreed at his deposition that the UG contains a term, "Lender is not required to seek payment from any other source before demanding payment from Guarantor." (ECF No. 78-5 at 130-31; *see also* ECF No. 78-8 at 2 (containing the term).) And as noted above, a guarantor may waive Nevada's one-action rule when executing a guaranty agreement. *See Forouzan*, 2012 WL 642548, at *2-*4. The Court accordingly also rejects Plaintiff's argument in response to the Motion based on the 'one action' rule.

More broadly, it is not Defendant who breached the UG, but Plaintiff. The UG provides that Plaintiff must "pay all amounts due under the Note when" Defendant "makes written demand upon Guarantor." (ECF No. 78-8 at 2.) Plaintiff admits he has never made

any voluntary payments under the UG for the loan. (ECF No. 78-5 at 81.) And while he argues the titles of the documents made them somehow ineffective, Plaintiff does not dispute that he has received at least four written demands for payment of the amount he owes under the UG, or written determinations that he owes money under the UG. (ECF No. 80 at 3 ("On March 5, 2014, Plaintiff Wells received a Debt Collection Notice from the U.S."), 6 ("On or about April 13, 2010, Plaintiff Wells received a letter titled "Payment Instructions" from the NSDC"), 8-9 (describing correspondence from Jihoon Kim, Acting Director for the Office of Financial Program Operations, also contending that Plaintiff owed money under the UG), 10 ("On or about April 26, 2018, Plaintiff Wells received a reply which stated 'Per the agency, the debt is valid and collection should continue.'"), 17 ("Plaintiff does not dispute being contacted by two different collection agencies on behalf of the Treasury.").) The UG accordingly required him to pay, but he has not. (ECF Nos. 78-8 at 2, 78-5 at 81.) Plaintiff has therefore breached the UG.

But regardless, Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

### B.     Breach of the Covenant of Good Faith and Fair Dealing

Defendant argues it is entitled to summary judgment on Plaintiff's claim for breach of the covenant of good faith and fair dealing because he has not even alleged that the SBA performed the UG, let alone in a manner unfaithful to the contract, and also testified that he has no evidence to support this claim. (ECF No. 78 at 21.) Plaintiff largely makes the same argument discussed above as to his breach of contract claim, and otherwise seems to generally contend that Defendant was unfaithful to the purpose of the UG because it did not act with commercial reasonableness. (ECF No. 80 at 18.) The Court again agrees with Defendant.

Plaintiff explicitly waived any defense based on commercial reasonableness in the UG. (ECF No. 78-8 at 4.) Thus, Defendant cannot have breached the UG by proceeding in a commercially unreasonable way, and, by extension, cannot have performed the UG unfaithfully by proceeding in a manner that Plaintiff contends is commercially

unreasonable. *Cf. Morris v. Bank of Am. Nevada*, 886 P.2d 454, 457 (Nev. 1994) ("Where one party to a contract 'deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing.'") (citation omitted); *see also Forouzan*, 2012 WL 642548, at *6 ("In light of the statutory provisions that permitted Forouzan to waive the one-action rule thereby allowing BOG to proceed against Forouzan without first foreclosing on the collateral, we determine that these general allegations do not create a genuine issue of material fact as to whether BOG breached the covenant of good faith and fair dealing. "). And Plaintiff conceded at his deposition he has no evidence to support his contention that the SBA breached standards of commercial reasonableness in any event. (ECF No. 78-5 at 205-06.) Defendant is accordingly also entitled to summary judgment on Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

### C. Equitable Subrogation

Defendant finally argues it is entitled to summary judgment on this claim because it does not apply—the doctrine allows a person who pays off an encumbrance to assume the same priority position as the holder of the previous encumbrance, but Plaintiff has not done that. (ECF No. 78 at 21-22.) "Plaintiff Wells contends, as this case continues to develop, the facts will continue to support that the Defendant destroyed or impaired the Plaintiff's subrogation right." (ECF No. 80 at 19.) The Court again agrees with Defendant.

"The doctrine of equitable subrogation allows a person who pays off an encumbrance to assume the same priority position as the holder of the previous encumbrance." *Mort v. United States*, 86 F.3d 890, 893 (9th Cir. 1996) (citation omitted). Plaintiff does not allege that he has paid off any encumbrance pertinent to this case (ECF No. 43), nor does he offer any evidence to show that he may have (ECF No. 80 at 18-19). Plaintiff also conceded at his deposition he had no evidence to support this claim, either. (ECF No. 78-5 at 206-07.) And indeed, as noted above, Plaintiff conceded at his deposition he has not made any payments under the UG. (*Id.* at 81.) In sum, Defendant is also entitled to summary judgment on Plaintiff's equitable subrogation claim.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant Isabella Guzman's motion for summary judgment (ECF No. 78) is granted.

As this order resolves the remaining claims in this case (*see* ECF No. 58 at 10-11) Defendant is entitled to judgment in her favor.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 21st Day of March 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE